IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| (1) PHILIP KASO<br><br>(2) STEPHEN BASHAM<br><br>(3) RODERICK PATTON<br><br>individually and on behalf of all those similarly situated,<br><br>  Plaintiffs,<br><br>         v.<br><br>(1) JAMES L MITCHELL, in his official capacity as Superintendent of West Virginia State Police,<br><br>  Defendant. | Case No.  2:25-cv-00603 |

## CIVIL RIGHTS COMPLAINT

## Injunctive and Declaratory Relief Requested

The plaintiffs, individually and on behalf of all similarly situated individuals, through their undersigned counsel, complain against defendant Colonel James L. Mitchell, the Superintendent of the West Virginia State Police, as follows:

## Nature of the Case

1. This is a civil rights class action challenging the constitutionality of the provision of W. Va. Code Ann. § 15-12-2 (o) which requires individuals listed on West Virginia's Sex Offense Registry to pay an annual $125 fee. Failure to pay the fee will result in a property lien against the registrant. *Id.*

2. Plaintiffs, individually and on behalf of all other so situated citizens of West Virginia, allege that the challenged statutory requirement violates the Eighth Amendment of the United States Constitution by requiring a punitive fine. They collectively object to being fined annually for life.

3. Plaintiffs allege that fee requirement of W. Va. Code Ann. § 15-12-2 (o), is unconstitutional, both on its face and as applied to Plaintiffs, because it compels Plaintiffs, and all individuals so required, to pay an

annual punitive fine to register under the WV Sex Offense Registration Act(SORA), a non-punitive civil regulatory schema, in violation of the Eighth Amendment.

4. Plaintiffs allege that the statute fails to make provisions for undue financial hardship and indigency that the inability to pay the fee violates due process and the Equal Protection Clause of the Fourteenth Amendment.

5. Plaintiffs seek injunctive and declaratory relief to redress the violation of their clearly established constitutional rights.

## Jurisdiction and Venue

6. This case arises under the Eighth Amendment and Equal Protection Clause of the United States Constitution and 42 U.S. C. §1983.

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. The Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district.

9. Defendant Colonel James L. Mitchell, the Superintendent of the West Virginia State Police, leads the state agency responsible for

enforcement of WV Sex Offense Registration Act(SORA) and the statute in question. (See W. Va. Code Ann. § 15–12–1 to § 15–12–10)

10. Plaintiff Philip Kaso, age 62, is required to register under the West Virginia Sex Offense Registration Act (SORA). His required registration duration is lifetime. Kaso is a resident of West Virginia, and he is subject to the annual registration fee and statute in question.

11. Stephen Basham, age 45, is required to register under the West Virginia Sex Offense Registration Act (SORA). His required registration duration is lifetime. Since his release from prison, he has suffered catastrophic injuries, including a broken neck and back, spinal cord damage, and a crushed ribcage, leaving him partially paralyzed and permanently disabled. He currently receives Supplemental Security Income (SSI) disability benefits, Medicaid, and Supplemental Nutrition Assistance Program (SNAP). Basham is a resident of West Virginia, and he is subject to the annual registration fee and statute in question.

12. Roderick Patton, age 67, is required to register under the West Virginia Sex Offense Registration Act (SORA). His required registration duration is lifetime. Patton is a resident of West Virginia, and he is subject to the annual registration fee and statute in question.

## The Challenged Statute

13.  The relevant West Virginia code requiring the fee reads as follows:

W. VA. Code Ann. **§15-12-2** (o). **Registration; fees and use thereof.**

A person required to register pursuant to this article shall pay an annual fee of $125, to be paid between January 1 and June 30 of each year. The annual fee shall be paid to the circuit clerk of the circuit court where the registrant currently resides, and the registrant will provide written proof of payment of the annual fee within ten days of the payment to the State Police detachment monitoring the registrant.  The circuit clerk shall compile and maintain a record of any payment made by a registrant to which the State Police shall have access.  The circuit clerk shall remit the entirety of a payment made pursuant to this subsection to the state treasurer who shall deposit these funds into the State Treasury and credit said funds to the account of the State Police.  The State Police is hereby authorized to utilize the funds collected from these annual fees, first to enhance mental health services for current and former employees of the West Virginia State Police, including but not limited to hiring, or contracting, mental health professionals, conducting periodic educational seminars, meetings, training or conferences addressing mental health issues that affect persons that are, or have been, employed as law enforcement, and then for any other use essential to the general operations of the State Police: *Provided,* That failure to pay the annual fee, or provide proof of payment of the annual fee, pursuant to this subsection may not be considered  a violation of the person's supervised release: *Provided, however,* That written notice by the State Police served upon the registrant, by certified mail at the last address provided by the registrant, stating that that the annual fee has not been paid, may be recorded 30 days after the notice was received by the registrant in the office of the county clerk where the person required to register resides.  This notice shall have the effect of a judgment and shall be recorded and indexed by the county clerk in the judgment lien docket.  This judgment lien will be released by the State Police within 30 days upon full and complete payment by the registrant.  Written verification of the release of the lien shall be provided to the registrant at the address last provided by the registrant.

## **Facts Pertinent to the Plaintiffs**

14.  Plaintiffs Kaso, Basham, and Patton are currently subject to the provisions of WV SORA.  Plaintiffs are residents of West Virginia and

5

are required to pay the annual registration fee.

15. The fee so implemented is a punitive fine. None of the fees collected are earmarked to provide for any implementation of registration scheme by a plain reading of the statute. Instead fees go to defray other expenses and is primarily intended to produce additional revenues for the West Virginia State Police. First toward mental health counselors, seminars, meetings, trainings or conferences on mental health for current and former employees, whether or not they ever worked with registration under SORA. Then fees can go to any other use essential to the general operations of the State Police. *Id*. No fee will be used to defray the costs associated with sex offender notification, registration, verification, or compliance.

16. The Plaintiffs are required to pay this annual fine for the remainder of their lives, as WV SORA, unlike all other 4th Circuit states, provides no means for risk analysis of individual registrants, tiering, provisions for deregistration or any other meaningful individual assessment. Plaintiffs receive no benefit for the fee they are required to pay. WV SORA relies entirely on the statutory conviction code for registration requirements and most registrants are required to register for life. (See § W. Va. Code Ann. § 15-12-4 Duration)

17. Plaintiffs failing to pay the fee, regardless of inability to pay or indigency, will have property liens placed upon them in their county of residence.

## Class Allegations

18. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiffs seek certification of this complaint as a class action.

19. Named Plaintiffs seeks to represent a class defined as follows:

- All persons who are currently or will in the future be, subject to the annual fee provision of W. Va. Code Ann. § 15-12-2 (o).

20. The proposed class is numerous. There are approximately 6,450 individuals currently on the WV Sex Offender Registry. All registrants must pay the fee and therefore are subject to the challenged provision. The numerosity, commonality, typicality, and adequacy thresholds are met. See Fed. R. Civ. P. 23 and *In re Amaranth Nat. Gas Commodities Litig.*, 269 F.R.D. 366 (S.D.N.Y. 2010)

21. Joinder of all class members is impracticable. Not only is the class numerous, but membership in the class is constantly expanding as additional people with convictions for sexual offenses are added to WV SORA registration with no means of ever being deregistered and therefore will be subject to the challenged law for life.

22. There are questions of law and fact common to all class members, including but not limited to the following:

- What are the rationales for the law;
- Whether there is any compelling need served by the law;
- If there is a compelling need has the State adopted a reasonable fee to defray the costs associated with registration or instead for use in deferring other expenses of the WVSP;
- Whether the law violates any constitutional protections of the Eighth Amendment or Equal Protection clause.

23. All individuals falling within the class definition have been subject to the same law. Given the commonality of the questions pertinent to all class members, a single declaratory judgment and injunctive relief would provide relief to each member of the class.

24. Plaintiffs and the proposed class will be directly injured by the statute challenged herein; and members of the class are currently at risk of future harm from the continuation of this law.

25. The individual plaintiffs will fairly and adequately represent the interests of the class; and Plaintiffs' claims are typical of the claims of all members of the proposed class.

## **CLAIM FOR RELIEF**

## **COUNT I –Eighth Amendment Punitive Fine, 42 U.S.C. § 1983**

26. Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation referenced above.

27. Plaintiffs' counsel are experienced in civil rights litigation, including class actions under Fed. R. Civ. P. 23 and constitutional matters on behalf of persons on sex offense registries. Plaintiffs' counsel will fairly and adequately represent the interests of the class.

28. The annual fee requirement of W. Va. Code Ann. § 15-12-2 (o) is unconstitutional, both on its face and as applied to Plaintiffs, because it compels Plaintiffs, and all similar class members, to pay an annual fine (usually for life) for registration, in violation of the Eighth Amendment.

29. Compelling the Plaintiffs and others similarly situated to pay an annual punitive fine to comply with a non-punitive civil-regulatory registration under WV SORA is a violation of the clearly established right to not be required to be fined under the Eighth Amendment applied to the states through the Fourteenth Amendment.

30. W. Va. Code Ann. § 15-12-2 (o) and the funds generated therefrom, are not directed to compensate any registration task, including notification, registration, verification or compliance.

31. Because the Defendant has acted and continues to act to deprive Plaintiffs of their rights guaranteed by the Eighth Amendment, Plaintiffs sue and seek relief pursuant to 42. U.S.C. § 1983.

32. The Plaintiffs and those similarly situated are therefore entitled to injunctive relief and a declaratory judgment.

## COUNT II – Due Process and Equal Protection Clause violation, 42 U.S.C. § 1983

33. The provisions of W. Va. Code Ann. § 15-12-2 (o) allow no mechanism of avoidance for those unable to pay the fee to avoid property liens being placed upon their county property. No mechanism for indigent status or undue hardship is included in the law.

34. Unconditional fee imposition regardless of the ability to pay such fee violates due process and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

WHERFORE, Plaintiffs respectfully request that this Honorable Court:

(a) issue an order certifying this action to proceed as a class pursuant to Fed. R. Civ. P. 23(b)(2);

(b) appoint the undersigned as class counsel pursuant to Fed. R. Civ. P. 23(g);

(c) enter a declaratory judgment that the provision of the law is unconstitutional both on its face and as applied to Plaintiffs;

(d) enter an injunction prohibiting Defendant from continuing to enforce W. Va. Code Ann. § 15-12-2 (o);

(e) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(f) grant Plaintiffs any other relief the Court deems appropriate.

Respectfully submitted,

/s/ Larwence King
Larwence King, NYBA #5182944
Staff Attorney
NARSOL
P.O. Box 25423
Raleigh, NC 27611
919-480-2551, Ext. 702
attorney@narsol.org
*Pro Hac Vice Motion Pending*

/s/ Lonnie C. Simmons
Lonnie Simmons, WV Bar # 3406
Dipiero Simmons
McGinley & Bastress, PLLC
P.O. Box 1631
Charleston, WV 25326
304-342-0133
Lonnie.Simmons@dbdlawfirm.com